UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOSEPH MONAHAN,

        Plaintiff,

v.

FINLANDIA UNIVERSITY,

        Defendant.
_____/

Case No. 2:14-CV-64

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

By order dated September 1, 2015, the Sixth Circuit reversed this Court's entry of summary judgment in favor of Plaintiff Joseph Monahan, and remanded this matter for further proceedings consistent with its order. (ECF No. 32.) This Court requested briefing from the parties on what issues, if any, remain for trial in light of the Sixth Circuit's opinion.

Defendant Finlandia contends that, pursuant to the Sixth Circuit's opinion, it is entitled to judgment on Count I of Plaintiff's complaint.[1] The Sixth Circuit held that "Finlandia University did not receive Monahan's signed letter of appointment by the July 15 deadline; therefore, the offer lapsed and could not have been accepted after July 15." (Slip Op. at 4, ECF No. 32.) "President Johnson's July 21, 2008, letter cannot be read as an

---

[1]Although Plaintiff's complaint contained two counts, only his breach of contract claim (Count I) remains for the Court's consideration. Plaintiff's claim for reimbursement of business expenses (Count II) was dismissed with prejudice and without costs to any party pursuant to the parties' stipulation. (ECF Nos. 27, 28.)

acceptance of Monahan's counteroffer." (*Id.* at 5.) According to Defendant, the sum and substance of the Sixth Circuit's ruling is that no employment contract was entered into between Plaintiff Monahan and Defendant Finlandia, and that, as a result, Plaintiff cannot sustain his breach of employment contract claim. Defendant Finlandia contends that there are no remaining issues for trial and that it is entitled to a judgment of no cause of action.

Plaintiff does not deny that the Court of Appeals determined that Findlandia's offer lapsed and that Monahan's counter-offer was not accepted by President Johnson's July 21, 2008, letter. Plaintiff, however, notes that the Court of Appeals also stated in the opinion that on July 21, 2008, President Johnson "was not unaware that Monahan had returned the signed letter of appointment." (Slip Op. at 5.) Plaintiff contends this is a misstatement of fact because President Johnson was, in fact, unaware until he received Monahan's letter dated July 28, 2008, that Monahan had returned the signed letter of appointment on July 16, 2008. (Pl.'s Br. 1.) Plaintiff nevertheless contends that the Court of Appeals, "by misstating the evidence has created a question of fact regarding whether the July 21, 2008, letter can be read as disclosing an intention to accept Monahan's counter-offer." (Pl.'s Br. 2, ECF No. 36.) "By using a double-negative to state erroneously that President Johnson was aware of the receipt of the signed letter of appointment from Monahan, the COA reached the wrong conclusion that the July 21, 2008 letter could not be read as an acceptance of Plaintiff's counter-offer." (*Id.*) Plaintiff contends that if his late acceptance could be construed as a counter-offer, there is an issue of fact for trial as to whether President

2

Johnson's July 21, 2008, letter could be construed as an acceptance of Plaintiff's counter-offer. (*Id.*)

Plaintiff's argument lacks merit. The double negative in the Court of Appeals' opinion is clearly a typographical error. The Court of Appeals' ultimate conclusion that the July 21 letter was not a counteroffer is consistent with the facts as Plaintiff understands them to be. There is no real question of fact for trial, and Defendant Finlandia University is entitled to a judgment of no cause of action. Accordingly,

**IT IS HEREBY ORDERED** that there are no further issues for trial, and judgment will be entered in favor of Defendant Finlandia University.

Dated: December 3, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE